UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x
NINA HALL,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-05-4192 (FB)(MDG)

*Appearances:*
*For the Plaintiff:*
NINA HALL, *pro se*
236 Clinton Street
Brooklyn, NY 11201

*For the Defendant:*
ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
By: KENNETH A. STAHL, ESQ.
Assistant United States Attorney
One Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Plaintiff, Nina Hall, ("Hall"), proceeding *pro se*, seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Widow's Insurance Benefits ("WIB"). The Commissioner moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons discussed below, the Commissioner's motion is granted.

# I.

Under 42 U.S.C. § 416(c), "widow" is defined, in pertinent part, as "the surviving wife of an individual, but only if . . . she was married to him *for a period of not less than nine months* immediately prior to the day on which he died." *Id.* § 416(c) (emphasis added); *see also Id.* § 404.335(a)(1). Whether, under the statute, an individual was "married" is determined by the law of the state in which the deceased was domiciled at the time of his death. *See id.* § 416(h)(1)(A). New York does not recognize common-law marriages entered into in New York. *See Chlieb v. Heckler*, 777 F.2d 842, 845 (2d. Cir. 1985) (woman who resided with deceased in New York for 18 years not entitled to WIB; no proof offered that couple entered into a valid common law marriage in another state, which New York would recognize).

Individuals not married for nine months are still entitled to WIB in cases of "*accidental death* . . . unless the Commissioner of Social Security determines that at the time of the marriage involved the individual could not have reasonably been expected to live for nine months." *Id.* § 416(k)(1)(A) (emphasis added); *see also Id.* § 404.335(a)(2)(i). "[T]he death of an individual is accidental if he receives bodily injuries solely through violent, external, and accidental means and, as a direct result of the bodily injuries and independently of all other causes, loses his life not later than three months after the day on which he receives such bodily injuries." *Id.* § 416(k)(1)(A); *see also Id.* § 404.335(a)(2)(i).

# II.

After years of living together, Hall and John Turpin ("Turpin") were married in New York on March 18, 1994; later that year on November 29, 1994, an elderly Turpin

died of apparent natural causes in their home. At a hearing before an Administrative Law Judge ("ALJ"), Hall testified that she and Turpin were legally married in New York for "sixteen days short of nine months." A.R. at 58. Nevertheless, Hall argues that she is entitled to WIB on three grounds:

1) The 9-month requirement is arbitrary and thus unconstitutional;

(2) The WIB statute violates equal protection because her alleged long-term living arrangement with Turpin would qualify her for benefits in states that recognize common law marriage but not in New York – where she and Turpin resided – which does not; and

(3) She qualifies for the "accident exception" under the regulations because Turpin's death was unexpected.

These claims – which are meritless – are addressed in turn.

### III.

Hall's first argument fails because the Supreme Court has upheld the nine-month durational requirement as constitutional. *See Weinberger v. Salfi*, 422 U.S. 749, 780 (1975) (upholding the durational requirement because any imprecision in the application of the requirement was "justified by its ease and certainty of operation"). Accordingly, district courts strictly apply the nine-month requirement. *See, e.g., Colon v. Barnhart*, 2004 WL 60292, *2-*3 (S.D.N.Y. Jan. 13, 2004) (affirming denial of widow's benefits where durational requirement was missed by one day).

Additionally, a federal statute which incorporates state law resulting in the disparate treatment of individuals depending upon their state of residence, does not violate equal protection. *See United States v. Gavidel*, 2002 WL 1203845 (S.D.N.Y June 3, 2002)

3

(citing *United States v. Sharpnack*, 355 U.S. 286, 291-292 (1958)); *United States v. ElfGeeh*, 2004 WL 376299, at *5-*7 (E.D.N.Y. April 13, 2004); *see also United States v. Lender*, 985 F.2d 151, 156 (4th Cir. 1993) (rejecting equal protection challenge because "it is not irrational for Congress to defer to state law with regard to the characteristics of a prior offense, and doing so is no more intentionally arbitrary than our system of federalism itself"). Thus, Hall's equal protection argument fails as well.

Finally, Hall is not excepted from the nine-month durational requirement because the record does not reflect that Turpin's death was anything more than unexpected and tragic. At the hearing, Hall presented a picture of Turpin, allegedly taken days before his death, and claimed that the picture demonstrated that Turpin's death was "sudden": [Turpin] was not in a hospital hooked up to machines [as Hall's father was before he died]. He had not been ill. There was nothing wrong with him. He had high cholesterol and hypertension, which I have." A.R. at 65. Hall further testified that Turpin died "right in the house. He was on his way to the bathroom, said he didn't feel well, dropped in the next room." A.R. at 66.

Even if Turpin's death was "sudden" as Hall claims, absent any allegation or proof that Turpin's death resulted from "bodily injuries received from violent or external causes," the record does not permit the Court to determine that Turpin's death was accidental. *See id.* § 416(k)(1)(a); *id.* § 404.335(a)(2)(i); *see also Colon v. Barnhart*, 2004 WL 60292, at *3-*4 (S.D.N.Y. Jan. 13, 2004) (no accidental death where plaintiff testified that her husband died from an illness which afflicted him before the marriage.); *Contra Randazzo v. Barnhart*, 332 F. Supp. 2d 517, 523-524 (E.D.N.Y. Aug. 26, 2004) (case remanded where the

record contained evidence that husband's death was possibly the "consequence" of an accident that fractured his leg.).

## CONCLUSION

For the foregoing reasons, the ALJ's decision was supported by substantial evidence and the Commissioner's motion for judgment on the pleadings is granted.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 6, 2006